# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 1:11-cr-071
                                                   Also Case No. 1:15-cv-384

                                                   District Judge Susan J. Dlott
- vs -                                     Magistrate Judge Michael R. Merz

TERRANCE WHITE
 Aka TERENCE WHITE,

                Defendant.      :

## REPORT AND RECOMMENDATIONS

      This action under 28 U.S.C. § 2255 is before the Court on Motion of the United States to Dismiss (ECF No. 605). The Motion was filed August 4, 2015. Defendant filed his Reply on October 30, 2015 (ECF No. 614). Under S. D. Ohio Civ. R. 7.2, the Government's reply memorandum in support was due to be filed by November 16, 2015, but no reply has been filed.

      The Government seeks dismissal on grounds the claims for relief are either not cognizable in habeas corpus or are procedurally defaulted. A motion to dismiss involuntarily is a dispositive motion on which a Magistrate Judge must file a recommendation rather than making a decision in the first instance.

1

**Procedural History**

Defendant White was indicted by a grand jury for this district on June 1, 2011, with conspiring with others to distribute and to possess with intent to distribute one kilogram or more of heroin.

After a great deal of pre-trial motion practice, the Government on February 2, 2012, filed an Information under 21 U.S.C. § 851 in order to establish White's liability to an enhanced sentence by virtue of prior felony drug offenses, to wit, Case #B926076 sentence imposed on March 17, 1993, on the charge of Aggravated Trafficking; Case #B926496 sentence imposed on March 17, 1993, on the charge of Trafficking in Marijuana; and Case #B0905010 sentence imposed January 7, 2010, on the charge of Trafficking in Heroin, in violation of the laws of the State of Ohio (ECF No. 324, PageID 752).

On May 7, 2012, White entered into a Plea Agreement with the United States under which he would plead guilty to Count 1, conspiracy to distribute heroin (ECF No. 424, PageID 1078). White represented that he understood that the penalty prescribed for the offense to which he was pleading guilty was mandatory life imprisonment. *Id.* The Government agreed that at the time of sentencing it would amend the § 851 Information to reflect one prior felony drug conviction, thereby reducing the mandatory minimum sentence to twenty years imprisonment. *Id.* at PageID 1080. The Government also agreed to file a § 5K1.1 motion for substantial assistance if the United States Attorney in his sole discretion determined that White had in fact provided substantial assistance. *Id.* at PageID 1080.

In keeping its part of the bargain, the United States filed a new Information on June 28, 2012, charging only the 2010 heroin trafficking prior conviction (ECF No. 501). White's

Motion to Withdraw his guilty plea was denied and he was sentenced to the mandatory minimum twenty years (ECF Nos. 526, 529).

Represented by new counsel, White appealed to the Sixth Circuit, asserting the Government breached the Plea Agreement by not filing the § 5K1.1 motion and that the sentence was substantively and procedurally unreasonable because mandatory minimum sentences are unconstitutional. The Sixth Circuit affirmed the conviction and sentence. *United States v. White*, 553 Fed. Appx. 521, 2014 U.S. App. LEXIS 1823 (6th Cir. 2014). The United States Supreme Court denied certiorari. *White v. United States,* 134 S. Ct. 2739 (2014). The instant Motion to Vacate followed one year later.

White filed his Motion *pro se,* pleading the following Grounds for Relief:

> **Ground One:** Ineffective assistance of trial counsel at sentencing for failure to object to the § 851 enhancement.

> **Ground Two:** Ineffective assistance of trial counsel at sentencing for failure "to discover and present the mitigating evidence I had presented the Government and informed her about."

> **Ground Three:** Ineffective assistance of trial counsel by lying to White that she had spoken to two witnesses who told her they were going to testify against White.

**Ground Three (a):** Ineffective assistance of trial counsel by misinforming White on May 7, 2012, that a substantial assistance motion would be filed on his behalf by the Government and granted by the Court.

**Ground Four:** Ineffective assistance of trial counsel at hearing on plea withdrawal motion by reason of conflict of interest resulting from breakdown of communication.  White also asserts Court error in handling the motion to withdraw.

**Ground Five:** Ineffective assistance of trial counsel in the period of attempted cooperation.

**Ground Six:** Ineffective assistance of trial counsel in failing to call and investigate favorable witnesses.  In particular, White alleges Cross refused to subpoena all the named co-defendants.  He asserts that co-defendant Edward Larkins would have testified that White was unaware of the other people who were buying heroin from Larkins and that Larkins and White merely had a buyer-seller relationship.

**Ground Seven:** Ineffective assistance of trial counsel by advising that pleading guilty would not waive White's pre-trial claims.

4

**Ground Eight:** Ineffective assistance of trial counsel in recommending White sign an amended plea agreement.

**Ground Nine:** Ineffective assistance of trial counsel in not objecting to the Presentence Investigation Report.

**Ground Ten:** Ineffective assistance of trial counsel in failing to object to the Defendant's career offender status in that it was based on a December 2009 conviction under Ohio Revised Code § 2925.11(A).

**Ground Eleven**: Ineffective assistance of trial counsel in failing to show through pre-trial motions that White was merely involved in a buyer-seller relationship with only one person, Edward Larkins.

**Ground Twelve:** Ineffective assistance of trial counsel in failing to go forward with a motion to suppress incriminating tape recordings.

**Ground Thirteen:** Ineffective assistance of trial counsel for not bringing to the Court's attention that the stated reason for not filing

a substantial assistance motion was that White put the Government "through a lot of mess by exercising my trial right in the beginning during my pre-trial period."

**Ground Fourteen:** Ineffective assistance of trial counsel for failure to object to the Government's oral modification of the Plea Agreement with respect to a substantial assistance motion.

**Ground Fifteen:** Ineffective assistance of trial counsel for failure to object to the ambiguity in paragraph 6 of the Presentence Investigation Report as to whether Defendant's obligation was to provide substantial assistance or merely to make a good faith effort to provide that assistance.

**Ground Sixteen:** Ineffective assistance of trial counsel by failure to object to the trial judge's effort to coerce a guilty plea by improper participation in plea negotiations.

**Ground Seventeen:** Ineffective assistance of trial counsel for failure to prepare a defense.

**Ground Eighteen:** Ineffective assistance of trial counsel by advice to answer yes to all judicial questions at the plea colloquy.

>**Ground Nineteen:** Ineffective assistance of appellate counsel for failure to raise a claim of Rule 11 violation by the trial judge.

(Motion, ECF No. 595, PageID 1767-1797.)

## ANALYSIS

In its Motion to Dismiss, the United States asserts that White has procedurally defaulted on his claims by failing to raise them on direct appeal or that the claims are not cognizable because they do not plead violations of the Constitution or non-constitutional error which results in a fundamental defect in the trial court proceedings or an omission inconsistent with the rudimentary demands of fair procedure (Motion, ECF No. 605, PageID 1819, citing *United States v. Timmreck*, 441 U.S. 780 (1979)).  However, on inspection of the Grounds for Relief recited above, the reader will see that the first nineteen are pled in terms of ineffective assistance of trial counsel and the twentieth in terms of ineffective assistance of appellate counsel.

The Sixth Amendment to the United States Constitution guarantees every criminal defendant facing incarceration the effective assistance of an attorney at trial.  *Powell v. Alabama*, 287 U.S. 45 (1932)(capital cases); *Gideon v. Wainwright*, 372 U.S. 335 (1963)(felony cases); *Argersinger v. Hamlin,* 407 U.S. 25 (1972)(misdemeanor cases where imprisonment is a possibility); *Alabama v. Shelton,* 535 U.S. 654 (2002)(even if sentence is suspended).  The same right extends to a first appeal of right.  *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008).  Counsel must be appointed

7

on appeal of right for indigent criminal defendants. *Douglas v. California*, 372 U.S. 353 (1963); *Anders v. California*, 386 U.S. 738 (1967);  *United States v. Cronic,* 466 U.S. 648 (1984).

Of course, a defendant does not preserve underlying errors for *de novo* review in a § 2255 proceeding by omitting them from direct appeal and then raising them in a motion to vacate. However, there are many non-constitutional errors which it would be ineffective assistance of trial counsel to fail to object to, e.g., the use of prior bad acts to impeach the character of a defendant who does not testify.  Because Defendant has pled all of his claims as ineffective assistance of counsel claims, they are cognizable in a § 2255 proceeding.

Furthermore, ineffective assistance of counsel claims are not forfeited by not being raised on direct appeal. The procedural default analysis of *Wainwright v. Sykes*, 433 U.S. 72 (1977); and its progeny is fully applicable to § 2255 motions.  *United States v. Frady*, 456 U.S. 152 (1982); *Kaufman v. United States*, 394 U.S. 217 (1969); *Ratliff v. United States*, 999 F.2d 1023 (6th Cir. 1993).  However, the procedural default doctrine does not bar ineffective assistance of counsel claims in § 2255 motion even if the issue could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500 (2003); *United States v. Neuhausser*, 241 F.3d 460 (6th Cir. 2001); *United States v. Fortson,* 194 F.3d 730, 736 (6th Cir. 1999).  Appellate counsel can scarcely be expected to claim his or her own ineffectiveness, so there is no bar to including ineffective assistance of appellate counsel claims in a § 2255 motion.

Thus the Court need not engage in the procedural default excuse analysis envisioned by *Wainright, supra,* as to any of Defendant's Grounds for Relief.  The Motion of the United States to dismiss for lack of cognizability or procedural default is not well taken and should be DENIED.

If District Judge Dlott accepts this recommendation, then the Magistrate Judge must next determine whether an evidentiary hearing is warranted. Rule 8(a), Rules Governing § 2255 Proceedings. Defendant has not moved for such a hearing, but has asserted his right to one in his Reply. In fact, Defendant asserts the Court's Order for Answer (ECF No. 597) essentially decides that entitlement.

Defendant's analysis elides an important step in the process. A court's determination under Rule 4 of the § 2255 Rules to order the Government to answer does not imply that there is an evident factual dispute requiring trial. Particularly when a § 2255 motion is referred to a Magistrate Judge, that judge's lack of familiarity with the record and the basic preference in our judicial system for adversary presentation cautions against a summary disposition without hearing from the United States.

It may be that there is no triable factual dispute on some of White's Grounds for Relief because the record refutes his claims or he cannot show any prejudice from failure to his counsel to do what he claims they should have done. If Judge Dlott adopts this Report, the Magistrate Judge will then require the United States to file a complete answer in the form required by Rule 5 of the § 2255 Rules. Defendant will then be afforded an opportunity to file a reply as contemplated by Rule 5(d) and a motion for an evidentiary hearing setting forth the factual issues that require trial. Prior to filing for an evidentiary hearing, Defendant may need to renew the motion for discovery previously filed in the case.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Motion to Dismiss be denied and that the case continue to be referred to the Magistrate Judge for further proceedings.

November 23, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).