**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 1:11-cr-071
                                                Also Case No. 1:15-cv-384

                                                District Judge Susan J. Dlott
  - vs -                                     Magistrate Judge Michael R. Merz

TERRANCE WHITE
 Aka TERENCE WHITE,

                Defendant.      :

---

**DECISION AND ORDER ON MOTION TO AMEND**

---

       This action under 28 U.S.C. § 2255 is before the Court on Defendant's Motion to Amend (ECF No. 683). The United States opposed the Motion on March 29, 2017 (ECF No. 685). Under S. D. Ohio Civ. R. 7.2, Mr. White had until April 12, 2017, to file a reply memorandum in support, but has not done so. Thus the Motion to Amend is ripe.

**Procedural History**

       Terrance White was indicted on June 1, 2011, along with thirteen other persons on various drug trafficking charges (Indictment, ECF No. 14). Although the Federal Public Defender was appointed to represent Mr. White upon his initial appearance, he complained almost at once of ineffective assistance of trial counsel and attorney William Gallagher was

1

appointed to replace attorney C. Ransom Hudson (ECF Nos. 141, 144, 150). Two months later Mr. White again asked to change attorneys, again for alleged ineffective assistance of trial counsel (ECF No. 235). From January 18, 2012, through February 21, 2012, White filed twenty-two pro se motions (ECF Nos. 284, 285, 286, 287, 288, 289, 290, 292, 293, 297, 298, 299, 300, 301, 307, 308, 309, 312, 313, 323, 342, 343. Then on February 27, 2012, White retained attorney Wende Cross and the Court terminated Mr. Gallagher's appointment and continued the trial (ECF Nos. 346, 347, 348). On April 16, 2012, the Court set the case for a change of plea, but Mr. White did not at that time wish to plead guilty.

However, on May 7, 2012, Mr. White appeared before District Judge Michael Barrett and pled guilty, pursuant to Plea Agreement, to Count 1 of the Indictment (ECF Nos. 423, 424). In late August 2012 Mr. White sought to change course again, moving to withdraw his guilty plea and change attorneys again (ECF Nos. 5421, 522, 523). Judge Dlott denied those motions and on September 20, 2012, sentenced Mr. White to twenty years (240 months) imprisonment, the mandatory minimum sentence on the count of conviction (ECF No. 529). Mr. White appealed and the Sixth Circuit appointed attorney Robert Vogel to represent White on appeal (ECF No. 535). The Sixth Circuit affirmed. *United States v. White*, 553 Fed. Appx. 521 (6th Cir. Jan. 28, 2014), *cert denied*, 134 S. Ct. 2739). Exactly 364 days later (i.e., one day shy of the statute of limitations), White filed the instant § 2255 proceeding.

Shortly after filing, Mr. White moved for appointment of counsel (ECF No. 598) which the Magistrate Judge granted, noting that an evidentiary hearing was likely to be necessary (ECF No. 599). Attorney Toby Henderson was appointed and diligently represented Mr. White from June 24, 2015, until the date set for evidentiary hearing, January 12, 2017. With no prior warning and with witnesses present, Mr. White orally moved the Court to discharge Mr.

Henderson on the ground that the relationship between them had completely broken down.  Mr. Henderson, while preserving attorney-client privilege, confirmed that that was so and the Court discharged him from further responsibility for representing Mr. White (Order, ECF No. 681). Mr. White disclosed that part of the difficulty was that he had a number of claims to make which Mr. Henderson would not file and witnesses to call whom Mr. Henderson would not subpoena. The Court directed him to file a pro se motion to amend and a witness list by February 12, 2017. *Id.* That date was later extended to March 15, 2017, on Mr. White's oral request.

# Analysis

Proceedings under 28 U.S.C. § 2255 are governed by the Federal Rules of Civil Procedure unless a more specific rule has been adopted.  Rule 12, Rules Governing § 2255 Proceedings.

The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182.    *See also Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997)(citing *Foman* standard).

In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989). *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980); *United States ex rel. Antoon v. Cleveland Clinic Found.*, 978 F. Supp. 2d 880, 887 (S.D. Ohio 2013)(Rose, J.); *William F. Shea, LLC v. Bonutti Reseach Inc.*, 2011 U.S. Dist. LEXIS 39794, *28 (S.D. Ohio March 31, 2011) (Frost, J.).

Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman v. Davis*, 371 U.S. 178 (1962); *Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990). ); *Bach v. Drerup*, 2012 U.S. Dist. LEXIS 35574, *1 (Ovington, M.J.); *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), cert denied, 517 U.S. 112 (1996)(amendment should be denied if it "is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."). In *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994), the court repeated and explicated the *Foman* factors, noting that "[d]elay by itself is not a sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted. *Id.* at 130, quoting *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989). These considerations apply as well in capital habeas corpus cases. *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998), quoting *Brooks*. Denial of a motion for leave to amend the complaint

generally is reviewed for abuse of discretion, but denial on the basis of futility is reviewed de novo. *Evans v. Pearson Enters., Inc.,* 434 F.3d 839, 853 (6th Cir. 2006).

A motion to amend under Fed. R. Civ. P. 15 is non-dispositive and thus within the Magistrate Judge's decisional authority. *Monroe v. Houk*, No. 2:07-cv-258, 2016 U.S. Dist. LEXIS 38999 (S.D. Ohio, Mar. 23, 2016)(Sargus, C.J.

In his original § 2255 Motion, Mr. White raised the following grounds for relief:

> **Ground One:** Ineffective assistance of trial counsel at sentencing for failure to object to the § 851 enhancement (ECF No. 595, PageID 1767).
>
> **Ground Two:** Ineffective assistance of trial counsel at sentencing for failure to present mitigating evidence. *Id.* at PageID 1770.
>
> **Ground Three:** Ineffective assistance of trial counsel in lying to White by telling him co-Defendants Richard Lucky and Antonio Alexander were going to testify against him. *Id.* at PageID 1771.
>
> **Second Ground Three:** Ineffective assistance of trial counsel in informing White that the Government was prepared to give him a substantial assistance motion which would reduce his sentence to ten years or less. *Id.* at PageID 1774.
>
> **Ground Four:** Ineffective assistance of trial counsel at hearing on motion to withdraw plea of guilty. *Id.* at PageID 1778.
>
> **Ground Five:** Ineffective assistance of trial counsel during the period of attempted cooperation. *Id.* at PageID 1781.
>
> **Ground Six:** Ineffective assistance of trial counsel for failure to investigate favorable witnesses. *Id.* at PageID 1783.
>
> **Ground Seven:** Ineffective assistance of trial counsel for failure to advise Mr. White that a guilty plea would preclude appeal on pretrial claims. *Id.* at PageID 1784.

**Ground Eight:** Ineffective assistance of trial counsel in advising White to sign a plea agreement that allowed the Government discretion as to whether to file a motion for substantial assistance. *Id.* at PageID 1785.

**Ground Nine:** Ineffective assistance of trial counsel for failure to object to the recommendation in the Presentence Investigation Report ("PSR") for a life sentence.

**Ground Ten:** Ineffective assistance of trial counsel for failure to object to White's classification as a career offender under the Sentencing Guidelines. *Id.* at PageID 1787.

**Ground Eleven:** Ineffective assistance of trial counsel for failure to investigate the facts and the law underlying the Government's case. Proper investigation would have shown that White was not a co-conspirator but only involved with one other person in a buyer-seller relationship. *Id.* at PageID 1788.

**Ground Twelve:** Ineffective assistance of trial counsel for failure to go forward with "the suppression of the tapes." *Id.* at PageID 1789.

**Ground Thirteen:** Ineffective assistance of trial counsel for failing to raise claim that the motive of the Government for refusing to move for substantial assistance was the unconstitutional one that White was insisting on his right to trial. *Id.* at PageID 1790.

**Ground Fourteen:** Ineffective assistance of trial counsel for failure to object that the Government had, at the plea hearing, bargained away its discretion to refuse to move for substantial assistance. *Id.* at PageID 1791.

**Ground Fifteen:** Ineffective assistance of trial counsel for failure to object to paragraph 6 of the Plea Agreement. *Id.* at PageID 1792.

**Ground Sixteen:** Ineffective assistance of trial counsel for failure to object to trial judge's efforts to coerce a guilty plea. *Id.* at PageID 1794.

**Ground Seventeen:** Ineffective assistance of trial counsel for failure to prepare a defense to present at trial. *Id.* at PageID 1795.
**Ground Eighteen:** Ineffective assistance of trial counsel in advising White to answer affirmatively to all questions in the plea colloquy even if those answers were untrue. *Id.* at PageID 1796.

**Ground Nineteen:** Ineffective assistance of appellate counsel for failure to raise as error the Fed. R. Crim. P. 11 violation of judicial participation in plea negotiations. *Id.* at PageID 1797.

Mr. White now seeks to amend to add new grounds for relief. The first set of five proposed new grounds is as follows:

1. The Court's requiring counsel to represent defendant over counsel's timely objection with no required inquiry.

2. The Court's failure to inquire into the conflict once it was brought to the Court's attention. The conflict adversely affected counsel's performance. Testimony against me and leaving me without counsel.

3. Denying me counsel of choice after my request to discharge retain[ed] counsel.

4. Trial counsel's failure to object to my being held accountable for the entire amount of drugs in the conspiracy.

5. Trial counsel was ineffective for allowing the gov[ernment] to interview me without counsel's presence.

(Motion, ECF No. 683.) These proposed new grounds are referred to hereinafter as "Supplemental Grounds."

In addition to these five new claims, Mr. White also sets out the following proposed new claims in the same format used in his original Motion:

**Amended Ground One**: Constructive denial of counsel which is a *Cronic* issue. *Id.* at PageID 2098.

**Amended Ground Two:** Actual or potential conflict of interest with counsel. *Id.* at PageID 2100.

**Amended Ground Three:** Trial court error in requiring counsel to represent Mr. White after counsel timely objected and Mr. White concurred in that objection. *Id.* at PageID 2103.

**Amended Ground Four:** Ineffective assistance of trial counsel for failure to object to prosecutorial misconduct. *Id.* at PageID 2105.

**Amended Ground Five:** Insufficient factual basis to support conviction. *Id.* at PageID 2106.

**Amended Ground Six**: Ineffective assistance of appellate counsel for failure to seek to withdraw guilty plea. *Id.* at PageID 2111.

**Amended Ground Seven:** Ineffective assistance of appellate counsel for involvement with other matters. *Id.* at PageID 2112.

**Amended Ground Eight:** Ineffective assistance of trial counsel for failure to object to White's being held accountable for the entire amount of drugs in the conspiracy. *Id.* at PageID 2142.

**Amended Ground Nine**: Cumulative effect of ineffective assistance of trial counsel and ineffective assistance of appellate counsel. *Id.* at PageID. 2143.

**Amended Ground Ten:** Ineffective assistance of trial counsel for allowing Government to interview White without her presence. *Id.* at PageID 2144.

As noted above, Mr. White original § 2255 Motion was filed the day before the statute of limitations expired. Any new claims added to the original motion would be futile because they

would be barred by the statute of limitations unless they relate back to claims made before the statute expired.

> An amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.

*Mayle v. Felix*, 545 U.S. 644, 650 (2005). Relation back depends on a "common core of operative facts" between the new claim and the claim made in the original petition. *Cowan v. Stovall*, 645 F.3d 815, 818 (6th Cir. 2011)(quoting *Mayle v. Felix*, 545 U.S. at 650). It is not sufficient that the proposed new claims have the same label as claims made within the statute. For example, a claim of prosecutorial misconduct under *Brady v. Maryland*, 373 U.S. 83 (1963), for the State's withholding of exculpatory evidence will not relate back to a vague Brady claim in the original petition. In *Hill v. Mitchell*, 842 F.3d 910 (6th Cir. 2016), the court rejected relation back. The original petition contained a *Brady* claim "completely bereft of specific fact allegations or evidentiary support and not tied to any particular theory of relief." *Id.* at *22.

> The original claim did not identify, even in general terms, the nature of any suppressed information believed to be exculpatory or impeaching or how such suppressed information was material to the defense. A claim that the State was suppressing an unspecified something is much different from a claim regarding what, specifically, the State was suppressing and how it would have benefitted Hill at trial had it been disclosed.

*Id.* at *23.

Thus the many claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel which Mr. White now proposes to add will be barred by the statute of limitations unless they depend on the same common core of operative facts as claims made

9

within the statute. In *Mayle v. Felix* itself, the Supreme Court rejected relation back where the claimed common core of operative facts was the trial itself.

To determine whether any of the Supplemental or Amended Grounds for Relief relate back, they must be compared side-by-side with the original Grounds. Having done so, the Court finds that Supplemental Grounds One, Two and Three and Amended Grounds One, Two, and Three relate back to original Ground Four. The Motion to Amend is therefore GRANTED as to these six new proposed grounds for relief.

All of the other proposed new grounds for relief (Supplemental Grounds Four and Five; Amended Grounds Four, Five, Six, Seven, Eight, Nine, and Ten) do not have a common core of operative fact with any of the original Grounds for Relief. As to each of these Grounds for Relief, the Motion to Amend is DENIED because the new grounds are barred by the statute of limitations.

The Court will decide the request for appointment of counsel after Judge Dlott rules on any objections to this Decision and in conjunction with deciding whether an evidentiary hearing is required in the case.

April 27, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters

occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).