# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

               Plaintiff,    :    Case No. 1:11-cr-071
                                                 Also Case No. 1:15-cv-384

                                                 District Judge Susan J. Dlott
- vs -                                    Magistrate Judge Michael R. Merz

TERRANCE WHITE
 Aka TERENCE WHITE,

               Defendant.    :

# DECISION AND ORDER GRANTING MOTION FOR RECONSIDERATION AND SETTING SCHEDULE

This action under 28 U.S.C. § 2255 is before the Court on the Joint Motion for Reconsideration (ECF No. 754) which seeks reconsideration of the Decision and Order Denying the Joint Motion to Continue Evidentiary Hearing (ECF No. 752, 753).

Courts disfavor motions for reconsideration because they consume a court's scarce time for attention to a matter that has already been decided. They are subject to limitations based on that disfavor.

> As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), cert. denied, 476 U.S. 1171, 90 L. Ed. 2d 982 (1986).

1

*Meekison v. Ohio Dep't of Rehabilitation & Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998)(Marbley, J.). See also *Louisville/Jefferson Cty. Metro Govt. v. Hotels.com L.P.,* 590 F.3d 381, 389 (6th Cir. 2009). Nevertheless, reconsideration is within the Court's power prior to judgment and seems appropriate here.

Previously Defendant's counsel advised that he had attempted many times to reach witness Wende Cross but had not been successful until March 15, 2019, when he learned Ms. Cross would be out of the country at the time the case is scheduled for hearing (ECF No. 752, PageID 2310). The parties sought an order "granting a continuance of the April 11, 2019, evidentiary hearing, continuing the hearing to a future date to be determined once the parties can confer with the witness to ensure her attendance." *Id.*

The Court accepted the representation that Ms. Cross was a necessary witness for both parties, but noted that it had, on Defendant's motion, issued writs of habeas corpus ad testificandum for two federal prisoners, the Defendant and Richard Luckey (ECF Nos. 748, 749). Because the United States Marshal's Service requires at least thirty days' notice of a transportation order, the process to transport these two witnesses was probably already well along. Instead of continuing the hearing to an unspecified future date, the Magistrate Judge ordered that the hearing would go forward and the parties could move orally at that time to continue the hearing in progress until Ms. Cross's attendance could be obtained. The Magistrate Judge noted the long history of continuances based on projections which had not turned out well. The Joint Motion to Continue was therefore denied without prejudice to renewal during the hearing if Ms. Cross's testimony was still needed.

The parties now offer new evidence. Since the Order was entered, counsel have learned they had an incorrect telephone number for Ms. Cross and that she did not receive any

communication until late in the week of March 10, 2019. Ms. Cross has now agreed to accept service of a subpoena on March 25, 2019, to appear at the presently scheduled hearing. However she wishes to be heard on a motion for protective order in response to that subpoena. Counsel suggest that motion would be made and heard orally on Monday, March 25, or Tuesday, March 26, 2019. Despite the ability to address Ms. Cross's attendance promptly, counsel appear still to seek a change in the hearing date because they represent Mr. White has not yet been transported.

The Magistrate Judge is certainly willing to accommodate this change of circumstances. It is therefore ORDERED:

1. Defendant shall serve Ms. Cross with a subpoena for her appearance at the hearing as presently scheduled.

2. As soon as service is complete, counsel shall file a copy of the subpoena and proof of service under Fed.R.Civ.P. 45(b)(4).

3. As soon as the subpoena and proof of service are filed, counsel shall obtain a hearing time from Courtroom Deputy Clerk Kelly Kopf (937-512-1551), having first conferred with Ms. Cross so that this Court does not interfere with her judicial duties. The hearing will be conducted by telephone unless counsel for both sides desire to appear personally. However, the hearing should not be delayed in order for it to be in person.

4. During the hearing, Ms. Cross and counsel may argue they motion for protective order orally.

Counsel are reminded of their obligation to file a witness list not later than April 3, 2019, disclosing the substance of expected testimony. "Substance" means what the witness will testify to, not just the topics on which the witness will testify.

IT IS SO ORDERED.

March 22, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge