# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 1:11-cr-071
                                      Also Case No. 1:15-cv-384

                                              District Judge Susan J. Dlott
      - vs -                        Magistrate Judge Michael R. Merz

TERRANCE WHITE
 Aka TERENCE WHITE,

                Defendant.    :

## REPORT AND RECOMMENDATIONS

This action under 28 U.S.C. § 2255 came on for hearing in open court on Thursday, April 11, 2019. The United States was represented by Assistant United States Attorney Karl Kadon and Defendant was represented by attorney Glen McMurry. Instead of proceeding with examination of witnesses, as had been scheduled, counsel announced that the parties had reached a settlement regarding the merits of Mr. White §2255 petition claims, as amended, which would not be in writing, but which would be on the record.

The terms of the settlement are

1.     Mr. White will dismiss his § 2255 Motion to Vacate with prejudice.

2.     Mr. White will be re-sentenced by District Judge Dlott to fifteen years imprisonment, a reduction of seven years from the aggregate twenty-two year terms previously imposed.

3. If there are any changes in the federal sentencing laws that take place subsequent to the settlement's being accepted, Mr. White is permitted to apply for relief under such changes and that United States will not oppose that request.

4. The United States make no admissions as to any of the matters asserted in the § 2255 Motion.

5. Mr. White remains eligible on re-sentencing to receive credit for the time he has already served, including good time reductions that he has served. Accordingly, Mr. White's new fifteen-year prison term will be further reduced by such time credit.

6. The Information filed under 21 U.S.C. § 851 (ECF No. 324), and any subsequent amendments, is to be withdrawn.

Based on these settlement terms and to effectuate them, the Magistrate Judge hereby recommends that the sentence heretofore imposed on Mr. White be VACATED and that he be re-sentenced to a term of imprisonment of fifteen years. If Judge Dlott adopts this Report, it is recommended that she set the case for re-sentencing after receiving an updated Presentence Investigation Report from the Probation Department.

The Magistrate Judge likewise recommends that the pending § 2255 Motion to Vacate (ECF No. 595) be DISMISSED WITH PREJUDICE only upon District Judge Dlott's adoption of this Report. Mr. White was advised in open court that this dismissal would bar him from filing a new § 2255 motion challenging his original conviction without prior approval of the Sixth Circuit under 28 U.S.C. § 2244(b) and he agreed with that conclusion.

As part of the settlement, White agrees that if this Report is adopted and he is re-sentenced as recommended herein, he waives any right to appeal to the Sixth Circuit from the new judgment.

It is understood and agreed among the parties that if Judge Dlott does not accept the recommendations made herein, the case will return to its status as of April 10, 2019, to wit, with the Motion to Vacate still pending.

May 1, 2019.

s/ *Michael R. Merz*<br>
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party=s objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).